IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH FOWLER,
  Plaintiff,

vs.               Case No. 5:09cv206/RS/EMT

MICHAEL J. ASTRUE,
 Commissioner of the
 Social Security Administration,
  Defendant.
_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Kenneth L. Fowler initiated this action by filing a complaint for judicial review of a final decision of the Defendant Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401–34 (Doc. 1). The action was referred to the undersigned magistrate judge—pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D) and 72.3 of this court relating to review of administrative determinations under the Act—for all proceedings, including preliminary orders, conduct of necessary hearings, and filing of a report and recommendation containing proposed findings of fact and conclusions of law and recommending disposition of the complaint.

Now before the court is the Commissioner's Motion to Dismiss and brief and exhibits in support, which motion is based upon an assertion that Plaintiff failed to timely seek review in this court (Doc. 5 & Attachs). Plaintiff responded in opposition to the motion (Doc. 13). Because the Commissioner submitted a declaration and exhibits in support of his motion, and Plaintiff attached an affidavit and exhibits to his response, the parties were advised that the Commissioner's motion would be considered as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. 15). The parties were also advised of the importance and ramifications of Rule 56 summary judgment consideration, given notice that summary judgment review would be conducted on September 7, 2010, and advised that additional evidentiary materials could be

submitted prior to September 7 (*id.*). Following the court's advisement, neither party submitted additional materials, and the deadline for doing so has passed. Thus, the Commissioner's motion for summary judgment is now ripe for consideration. As set forth below, the court recommends that the Commissioner's motion for summary judgment be granted.

I.      BACKGROUND and MATERIAL FACTS

        Plaintiff filed an application for DIB on March 12, 2004, alleging a disability onset date of January 28, 2004 (*see* Doc. 1 at 2). His application was denied initially and upon reconsideration, after which a hearing was held before an Administrative Law Judge ("ALJ") (*id.*).[1] The following facts, relevant to the Commissioner's motion for summary judgment, are undisputed and established by exhibits in the summary judgment record. On August 24, 2006, the ALJ issued an unfavorable decision, finding that Plaintiff was not entitled to benefits (Doc. 5-3 at 3, 5–18).[2] Plaintiff then requested review with the Appeals Council (*see id.* at 3, 19). On March 9, 2009, the Appeals Council denied Plaintiff's request for review, and on the same day mailed to Plaintiff notice of its decision denying review (*see id.* at 3, 19–21). The notice was mailed to Plaintiff at: 612 Fox Avenue, Panama City, Florida (*id.* at 3). A copy of the notice was mailed to Kimberly J. Syfrett, Plaintiff's attorney during the administrative phase of this case (*id.* at 3, 21; *see also* Doc. 13-2 at 1). The notice denying review advised that Plaintiff had sixty days from the date of receipt of the notice to file a civil action in an appropriate United States District Court and that the notice was presumed received five days after its date unless Plaintiff demonstrated otherwise (Doc. 5-3 at 20).[3] Plaintiff initiated the instant action on June 13, 2009 (*see* Doc. 1; Doc. 5-3 at 3–4).[4] Mr. Baskerville has averred, that as of July 20, 2009, the Commissioner had no knowledge of any request for an extension of time within which to commence this action made by Plaintiff or his attorney (*see id.* at 3–4).

---

[1]  Although the foregoing facts are undisputed, they are not part of the summary judgment record.

[2]  The page references used hereafter in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned. Additionally, it is noted here that any reference to Doc. 5-3, pages 1–4, refers to the declaration of Earnest Baskerville, the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review of the Social Security Administration (Mr. Baskerville's declaration is an unsworn statement which was submitted pursuant to 28 U.S.C. § 1746 as being true under the penalty of perjury) (*see* Doc. 5-3 at 4).

[3]  Thus, Plaintiff's federal civil action must have commenced on or before May 13, 2009, sixty-five days from March 9, 2009, the date of the Appeals Council's notice denying review.

[4]  Mr. Baskerville avers that the instant action was initiated on June 12, 2009, which is the date Plaintiff's attorney signed the complaint (*see* Doc. 1 at 3; Doc. 5-3 at 3–4), but the docket sheet reflects that the action was not filed in this court until the following day, June 13, 2009 (or more precisely, at sixteen minutes past midnight (12:16 a.m.) on June 13). The discrepancy, however, does not affect the undersigned's recommendation.

On August 17, 2009, the Commissioner filed the instant Motion to Dismiss, in which he asserts that this action is subject to dismissal because Plaintiff failed to file his complaint within sixty days of his presumptive receipt of the Appeals Council's notice dated March 9, 2009 (*see* Doc. 5), which notice established a filing date of May 13, 2009 (*see* Doc. 5; footnote 3, *supra*).

Plaintiff filed a response in opposition to the Commissioner's motion, in which he generally asserts that the deadline for filing should be equitably tolled (*see* Doc. 13). As grounds therefore, Plaintiff states that on May 5, 2009, Attorney Syfrett drafted a letter to the Appeals Council and in the letter requested an extension of time within which to file a civil action (Doc. 13 & 13-2 at 1–2 (affidavit of Attorney Syfrett)).[5] Also on May 5, 2009, Attorney Syfrett asked her assistant to fax the letter/request to the Appeals Council, the letter was "merged" into Plaintiff's electronic computer file at Attorney Syfrett's Office, and Attorney Syfrett sent an email to Heather Freeman (Plaintiff's counsel in the instant case) advising that an extension had been requested (*see* Doc. 13-2 at 1; Doc. 13-3; Doc. 13-4; Doc. 13-5). Attorney Syfrett "assumed" the letter had been faxed per her instruction; further, she "expect[ed]" that the request for an extension would be granted (Doc. 13-2 at 1). After the Commissioner filed the instant motion to dismiss, Attorney Freeman asked Attorney Syfrett to review Plaintiff's file (*id.* at 1–2). After reviewing Plaintiff's file, Attorney Syfrett could not locate a hard copy of the letter dated May 5, 2009, its facsimile cover sheet, or the facsimile confirmation page "that would customarily document the delivery of the request for additional time" (*id.* at 2). She located only the "merged" copy of the letter saved in Plaintiff's computer file (*id.* at 2; *see also* Doc. 13-5). Attorney Syfrett avers, "I was unaware that the letter I drafted and prepared [on May 5, 2009] had not been transmitted to the Appeals Council until I was informed of the [instant] Motion to Dismiss." (Doc. 13-2 at 2). Finally, Plaintiff attached to his response a letter dated September 3, 2009, from Attorney Syfrett to the Appeals Council, in which the Appeals Council is requested to "grant an extension of time in which to file a civil action *nunc pro tunc*," based on the circumstances described, *supra* (*see* Doc. 13-6 at 1–2). On or about September 29, 2009, the Appeals Council denied the request for a *nunc pro tunc* extension (Doc. 13-7 at 1–2). In denying the request the Appeals Council stated in relevant part as follows:

> You [Attorney Syfrett] stated that you could not file on time because your office staff failed to fax your request for an extension of time to file a civil action in this case to the Appeals Council on time on May 5, 2009, although you thought this was done.

---

[5]   In the May 5 letter, Attorney Syfrett requested a 30-day extension "in addition to the 60 days (plus five days for mailing) already provided" (Doc. 13-5). Thus, had the request been granted, the instant action must have been filed on or before <u>June 12, 2009</u>. Attorney Syfrett also stated in the letter, "please notify me immediately via facsimile if our request is denied," and further, that if she received no response from the Appeals Council she "would consider this routine request granted under HALLEX 1-3-9-60" (*id.*).

> After considering the facts in this case, we find no reason under our rules to extend the time to file a civil action. Therefore, we have denied your request for more time.

(Doc. 13-7 at 1).

## II.    LEGAL STANDARDS

### A.    Summary Judgment

A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2553–54, 91 L. Ed. 2d 265 (1986). Evidence presented by Plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to him. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).

In order to prevail on his motion for summary judgment, the Commissioner must show that Plaintiff has no evidence to support his case on the narrow issue raised in the motion. *See* Celotex Corp., 477 U.S. at 322–23. If the Commissioner successfully negates an essential element of Plaintiff's case, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion. Celotex Corp., *supra*; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'") (quoting Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e))); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994). Lastly, an affidavit supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

B.    Review of the Commissioner's Final Decision

The United States "is immune from suit save as it consents to be sued," and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments. Lehman v. Nakshian, 453 U.S. 156, 160, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981) (quoting United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976)). Congress waived sovereign immunity in 42 U.S.C. § 405(g), by giving federal courts jurisdiction to review and modify or reverse the Commissioner's decisions. *See* Huie v. Bowen, 788 F.2d 698, 705 (11th Cir. 1986). Thus, the remedies outlined in that statute are the exclusive source of federal court jurisdiction over cases involving DIB claims such as Plaintiff's. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

Section 405(g) provides that a claimant may obtain review of the Commissioner's decision by filing "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ." 42 U.S.C. § 405(g).[6]  The Supreme Court has held "that application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the congressional purpose and is nowhere eschewed by Congress." Bowen v. City of New York, 476 U.S. 467, 480, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986) (internal quotation marks and citiation omitted). Thus, "the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was untimely." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007).

In Jackson, the Eleventh Circuit held that "traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." 596 F.3d at 1353 (citing Waller v. Comm'r, 168 Fed. Appx. 919 (11th Cir. 2006)). The extraordinary circumstances standard "may be met 'where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her . . . .'" *Id.* (quoting Waller, 168 Fed. Appx. at 922). Extraordinary circumstances sufficient for equitable tolling may, similarly, include fraud, misinformation, or deliberate concealment, and whether the facts of a particular case demonstrate extraordinary

---

[6]  By regulation, 20 C.F.R. § 404.981, the Commissioner has interpreted "mailing" to mean the date that the claimant receives the decision; the Commissioner has further provided by regulation that the "[d]ate you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. § 404.901.

circumstances is a fact-specific determination. <u>Jackson</u>, 506 F.3d at 1354–55 (citing <u>Cabello v. Fernandez-Larios</u>, 402 F.3d 1148, 1154 (11th Cir. 2005)).

Thus, in sum, a finding of extraordinary circumstances is necessary before the Social Security Administration's statutory period may equitably be tolled, "and this determination 'is reserved for extraordinary facts.'" *Id.* at 1353–54 (citing <u>Cabello</u>, 402 F.3d at 1148); *see also* <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (noting that equitable tolling "is to be applied sparingly."). Indeed, the Eleventh Circuit has defined "extraordinary circumstances" narrowly. *See, e.g.*, <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000) (equitable tolling is typically applied sparingly); <u>Johnson v. United States</u>, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd*, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) (equitable tolling is available "only in truly extraordinary circumstances"); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) ( per curiam ) (stating that equitable tolling is "'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'") (citations omitted); *see also* <u>Wakefield v. Railroad Retirement Bd.</u>, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to equitably toll AEDPA's statute of limitations on the basis of attorney negligence). Likewise, in <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 151–52, 104 S. Ct. 1723, 1726, 80 L. Ed. 2d 196 (1982) (per curiam), the Supreme Court indicated that a statutory period may be tolled in limited circumstances, i.e., where the delay resulted from conduct engaged in by other parties without any apparent negligence by the plaintiff. In such situations equity would not be served by barring the cause of action. *See also* <u>Bowen</u>, 106 S. Ct. at 2030 (noting that tolling may be appropriate in "the rare case such as this" where the government's secretive conduct prevented the plaintiffs from learning of their rights). The Supreme Court has also stated:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

<u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435 (1990) (footnotes omitted). In this vein, the Eleventh Circuit has noted that "the interests of justice side with the defendant when the plaintiff does not file her action in a timely fashion despite knowing or being a position reasonably to know that the limitations period is running." <u>Justice v. United States</u>, 6 F.3d 1474, 1479 (11th Cir. 1993) (citations omitted).

### III.    DISCUSSION

The Appeals Council denied Plaintiff's request for review on March 9, 2009 (notice of which was mailed to Plaintiff and Attorney Syfrett the same day), which denial rendered the ALJ's decision the final decision of the Commissioner. Thus, Plaintiff must have commenced this action on or before May 13, 2009, unless the Commissioner granted an extension of time within which to seek review. The summary judgment record establishes that no extension was granted and, therefore, that the complaint, filed June 13, 2009, was untimely.

Thus, the Commissioner has clearly demonstrated that Plaintiff failed to timely file his complaint in this court (that is, within sixty days of his presumptive receipt of the Appeals Council's decision denying review dated March 9, 2009). "Once a defendant shows that the applicable statute of limitations bars the claim, the burden shifts to the plaintiff to demonstrate that an exception or tolling provision applies." Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990). At issue, therefore, is whether Plaintiff has shown that the Commissioner should be estopped from asserting the affirmative defense of statute of limitations. The court concludes that Plaintiff has not made such a showing.

 Initially, it is undisputed that the decision denying review was mailed to Plaintiff and his Attorney and that Attorney Syfrett received the notice within the time provided for commencing a civil action.[7] Thus, the Appeals Council committed no misconduct with regard to its obligation to timely notify Plaintiff of its decision denying review. Likewise, the Appeals Council's denial of Plaintiff's request for a *nunc pro tunc* extension of the filing deadline—submitted by Plaintiff nearly four months after the filing deadline had passed—cannot be construed as trickery, deceit or any other type of misconduct on the Commissioner's part. Rather, the undisputed facts establish that this case is a simple case of attorney negligence (that is, the failure by the Syfrett law firm to timely fax or mail a request for extension to the Appeals Council), which negligence does not constitute an "extraordinary circumstance" justifying equitable tolling. *See* Baldwin County Welcome Center, 466 U.S. at 151–52 (statutory period ordinarily should not be tolled where delay did not result from conduct engaged in by other parties without any apparent negligence by the plaintiff).

In short, it is plainly evident that the late filing in this case is the result of counsel's lack of due diligence in preserving her client's rights, not the result of extraordinary circumstances that were

---

[7] An exhibit submitted by Plaintiff reflects receipt of the decision by the Syfrett law firm on March 13, 2009 (*see* Doc. 13-3). Moreover, the time line of events evidences an awareness of the filing deadline of May 13, 2009, since Attorney Syfrett drafted a letter on May 5, 2009, in which letter an extension of the filing deadline is requested (Doc. 13-5). Indeed, Attorney Syfrett does not contend that her law firm failed to timely receive notice of the Appeals Council's decision denying review; rather, the equitable tolling argument is premised on her law firm's inadvertent failure to fax the May 5 request for extension.

both beyond Plaintiff's control and unavoidable even with diligence.[8] Wade, 379 F.3d at 1265. *See also* Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005) (doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way); Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396–97, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (recognizing that in various contexts "clients must be held accountable for the acts and omissions of their attorney"); United States v. Boyle, 469 U.S. 241, 105 S. Ct. 687, 83 L. Ed. 2d 622 (1985) (holding that a client could be penalized for counsel's tardy filing of a tax return); Link v. Wabash R. Co., 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (finding that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client"); Mason v. Department of Justice, 39 Fed. Appx. 205, 207–08 (6th Cir. 2002) ("for purposes of determining whether equitable tolling applies, the actions of plaintiffs' attorneys are attributable to their clients") (citing Jarrett v. Kassel, 972 F.2d 1415, 1426 (6th Cir. 1992)).[9]

Congress intended section 205(g) to "compress the time for judicial review," Matlock v. Sullivan, 908 F.2d 492, 494 (9th Cir. 1990) (citation omitted), and Plaintiff has pointed to no "equities in favor of tolling the limitations period [that] are 'so great that deference to the agency's judgment is inappropriate.'" Bowen, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330, 96 S. Ct. 893, 900, 47 L. Ed.2 d 18, 30–31 (1976)); *see also, e.g.,* Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir. 1993) (the burden is on the plaintiff to show that equitable tolling is warranted). The court therefore concludes that the doctrine of equitable tolling should not be applied in this case.

In conclusion, after considering the Rule 56 evidentiary materials before this court, the undersigned concludes that no genuine issue of material fact exists, and further, that Plaintiff has failed to satisfy his burden of showing entitlement to equitable tolling. Thus, the Commissioner's properly-supported motion for summary judgment should be granted, as this action is barred by the statute of limitations.

---

[8] While not dispositive of the instant motion, the court notes additional negligence by Plaintiff's attorneys (that is, regarding the May 5 request for extension). For example, Attorney Syfrett "assumed" an extension would be granted (or was granted), even though her firm received no correspondence from the Appeals Council stating that an extension was granted. Additionally, even if her "assumption" regarding the extension was correct, Plaintiff's complaint must have been filed on or before June 12, 2009, but Attorney Freeman did not file the complaint until June 13 (although the filing was only sixteen minutes late, it was nevertheless late, and Plaintiff's claim may have been barred as a result).

[9] The undersigned has issued another Report and Recommendation today, in Case No. 5:09cv94/RH/EMT, in which the same recommendation is made (and which involves the same attorneys and same general time frame as the instant case). While it may be coincidental, the circumstances suggest a need for more effective "checks and balances" within the Syfrett and/or Freeman law firm.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED**:

1.    That the Commissioner's Motion to Dismiss (Doc. 5), considered by the court as a motion for summary judgment, be **GRANTED**.

2.    That within **SEVEN (7) DAYS** of the date of docketing an order adopting this Report and Recommendation, Plaintiff's counsel shall certify to the court that she has provided her client with a copy of this Report and Recommendation.

3.    That judgment be entered accordingly and the clerk be directed to close this file.

At Pensacola, Florida, this 24th day of September 2010.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**